IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SALVADOR MENDEZ VACA,

        Petitioner,              No. 2:10-cv-1077 MCE KJN P

    vs.

MATTHEW CATE,                 ORDER AND

        Respondent.       FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is presently before the court on respondent's motion to dismiss based on the contention that petitioner's claims are barred by the statute of limitations.  In response to an order to show cause issued by this court on October 19, 2010, petitioner has now filed an opposition to respondent's motion.  For the following reasons, this court recommends that respondent's motion be granted.

I. Introduction

        Petitioner pled guilty in September 1996 to four counts of transporting heroin and two counts of possession of heroin for sale.  Petitioner was sentenced to eight years in state prison, but the sentence was stayed and petitioner was placed on probation.  In July 2007, petitioner was found to have violated probation and the previously stayed sentence was imposed.

1   Petitioner is currently incarcerated at the Sierra Conservation Center in Jamestown, California.

2   II.  Legal Standards

3      The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April

4   24, 1996, applies to all petitions for writs of habeas corpus filed after its enactment.  Lindh v.

5   Murphy, 521 U.S. 320 (1997); Ainsworth v. Calderon, 138 F.3d 787, 790 (9th Cir. 1998).

6   Under AEDPA, a petitioner must first exhaust his state court remedies before timely filing a

7   petition for writ of habeas corpus in federal court.  AEDPA sets forth the following legal

8   standards relative to the applicable statute of limitations:

9      A 1-year period of limitation shall apply to an application for a writ
   of habeas corpus by a person in custody pursuant to the judgment
10     of a State court.  The limitation period shall run from the latest of –

11     (A) the date on which the judgment became final by the conclusion
   of direct review or the expiration of the time for seeking such
12     review;

13     (B) the date on which the impediment to filing an application
   created by State action in violation of the Constitution or laws of
14     the United States is removed, if the applicant was prevented from
   filing by such State action;

15

16     (C) the date on which the constitutional right asserted was initially
   recognized by the Supreme Court, if the right has been newly
   recognized by the Supreme Court and made retroactively
17     applicable to cases on collateral review; or

18     (D) the date on which the factual predicate of the claim or claims
   presented could have been discovered through the exercise of due
19     diligence.

20  28 U.S.C. § 2244(d)(1).  In addition, Section 2244(d)(2) provides that "the time during which a

21  properly filed application for State post-conviction or other collateral review with respect to the

22  pertinent judgment or claim is pending shall not be counted toward" the limitations period.

23  III.  Discussion

24     The following chronology is relevant to the statute of limitations analysis:

25     1.  On September 16, 1996, petitioner pled guilty and was convicted of four

26  counts of transporting heroin and two counts of possession of heroin for sale.  Petitioner was

1   sentenced to eight years in state prison; however, the sentence was stayed and petitioner was

2   placed on probation.  Petitioner did not then appeal his conviction or sentence.  (Lodged

3   Document ("Ldgd. Doc.") No. 1.)[1]

4           2.  On July 13, 2007, petitioner was found to have violated probation by failing to

5   report to probation officials since January 26, 1998, and the previously-stayed sentence was

6   imposed.  (Id.)

7           3.  On April 18, 2009,[2] petitioner filed a petition for writ of habeas corpus in the

8   Sutter County Superior Court, alleging that he had been coerced into a plea agreement and that

9   his sentence and probation had been improperly imposed due to petitioner's status as an illegal

10  alien which allegedly made it impossible for petitioner to comply with the terms and conditions

11  of probation beyond serving a period of incarceration.  (Ldgd. Doc. No. 2.)  The petition was

12  denied on June 9, 2009, the superior court judge noting in pertinent part that petitioner had failed

13  to raise his contentions in a timely appeal from his judgment of conviction.  (Ldgd. Doc. No. 3.)

14  (Case Nos. CRHC96-0108901, and CRHC96-0134901.)

15          4.  On June 14, 2009, petitioner filed a petition for writ of habeas corpus in the

16  California Court of Appeal, Third Appellate District, raising the same issues set forth in his

17  petition before the Superior Court.  (Ldgd. Doc. No. 4.)  The petition was summarily denied on

18  July 30, 2009.  (Ldgd. Doc. No. 5.)  (Case No. C062430.)

19          5.  On August 27, 2009, petitioner filed a petition for writ of habeas corpus in the

20

21          [1]  All documents identified as Lodged Documents were filed by respondent on June 30,
    2010.  (See Dkt. No. 10.)

22          [2]  April 18, 2009 is the date on which petitioner, proceeding without counsel, signed and
23  presumably delivered his state Superior Court habeas petition to prison officials for mailing.
    (Lodged Document No. 2.)  Pursuant to the "mailbox rule," that date is considered the filing date
    of the petition.  See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003); see also,
24  Houston v. Lack, 487 U.S. 266 (1988) (notice of appeal by pro se prisoner is deemed filed at the
    moment the prisoner delivers it to prison authorities for forwarding to the clerk of court).  Further
25  references to the filing dates of petitioner's pleadings also apply this construction, as none
    contain a proof of service indicating the date petitioner in fact delivered his pleadings to prison
26  authorities.

1  California Supreme Court, again raising the same issues.  (Ldgd. Doc. No. 6.)  The petition was

2  summarily denied on February 24, 2010.  (Ldgd. Doc. No. 7.)  (Case No. S175931.)

3         6.  On April 20, 2010, petitioner filed the instant petition for writ of habeas

4  corpus.  (Dkt. No. 1.)

5         Petitioner's sentence imposed on July 13, 2007, became final on September 11,

6  2007, when the sixty-day period for filing a direct appeal expired.  See Cal. Rules of Court 8.308

7  (formerly Rule 30.1).  The AEDPA one-year statute of limitations period commenced to run the

8  following day, on September 12, 2007.  28 U.S.C. § 2244(d)(1)(A).  Thus, absent tolling of this

9  one-year period, the last day that petitioner could timely file his federal petition was September

10  11, 2008.

11         While the timely filing of a state petition for writ of habeas corpus will toll the

12  one-year limitations period, 28 U.S.C. § 2244 (d)(2), petitioner filed his first petition in Superior

13  Court over seven months *after expiration* of the statute of limitations (petition filed April 18,

14  2009, despite expiration of the statute of limitations on September 11, 2008).  Petitioner's next

15  two state petitions were, therefore, also filed after expiration of the statute of limitations.  Thus,

16  none of petitioner's state actions statutorily tolled the one-year statute of limitations period.

17         As a result, absent equitable tolling, the instant federal petition, filed April 20,

18  2010, was untimely filed more than nineteen months after expiration of the September 11, 2008

19  limitations deadline.

20         Petitioner contends that he was "reasonably confused" about the timeliness of his

21  petition because he is unfamiliar with the law, does not understand respondent's motion, and

22  because Spanish is his first language, implying that he is entitled to equitable tolling on these

23  bases.  Petitioner cites Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), for the principle that, "[a]

24  petitioner's reasonable confusion about whether a state filing would be timely will ordinarily

25  constitute 'good cause' for him to file in federal court." (citation omitted.) (Opposition, Dkt. No.

26  13, at 3.)

1    To be entitled to equitable tolling, petitioner bears the burden of establishing

2    "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

3    stood in his way." Pace, 544 U.S. at 418.

4    Here, petitioner has not demonstrated that he has pursued his claims diligently.

5    Although petitioner acted diligently once he filed his initial state court petition, he waited nearly

6    two years after his July 13, 2007 sentence to initiate that first state filing on April 18, 2009.

7    Thus, petitioner has not satisfied his burden of establishing that he acted diligently in filing his

8    federal petition.

9    Petitioner has also failed to demonstrate that he encountered extraordinary

10   circumstances.  The Ninth Circuit has held that a petitioner's pro se status and claims of

11   ignorance of the law are insufficient to justify equitable tolling.  See Raspberry v. Garcia, 448

12   F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by

13   itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of

14   Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of

15   law "unfortunate" but may not serve as "legitimate cause" for failing to meet habeas petition

16   deadlines); Fisher v. Ramirez-Palmer, 219 F. Supp. 2d 1076, 1080 (E.D. Cal. 2002) ("ignorance

17   of the law does not constitute such extraordinary circumstances"); Sperling v. White, 30 F.

18   Supp.2d 1246, 1254 (C.D. Cal. 1998) (citing with approval cases from various circuits rejecting

19   equitable tolling based on petitioner's illiteracy or lack of legal experience).  Accordingly,

20   petitioner's lack of knowledge of the law and limited English do not qualify as extraordinary

21   circumstances preventing petitioner from timely filing his federal petition.

22   The court concludes, therefore, that petitioner is not entitled to equitable tolling.

23   This result is consistent with AEDPA's purpose in reducing delay and furthering the principles of

24   comity, finality and federalism.  Woodford v. Garceau, 538 U.S. 202, 206 (2003) (citations and

25   internal quotations omitted.)

26   ////

1    For the foregoing reasons, respondent's motion to dismiss this action should be

2   granted.

3   IV.  <u>Conclusion</u>

4    In accordance with the above, IT IS HEREBY ORDERED that:

5    1.  The order to show cause issued October 19, 2010, is discharged.

6    In addition, IT IS HEREBY RECOMMENDED that:

7    1.  Respondent's motion to dismiss this action (Dkt. No. 11) be granted.

8    These findings and recommendations are submitted to the United States District

9   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

10  one days after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

13  objections, he shall also address whether a certificate of appealability should issue and, if so, why

14  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

15  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

16  § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

17  service of the objections.  The parties are advised that failure to file objections within the

18  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

19  F.2d 1153 (9th Cir. 1991).

20  DATED:  November 23, 2010

21

22

23

24  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

25  vaca1077.mtd

26

6